MEMORANDUM
TO THE HONORABLE JOHN GLEESON
United States District Judge

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 08 2012 ★

BROOKLYN OFFICE

RE: Robert Bonovoglia
True Name: Robert Bonavoglia

DOCKET NO.: 95-CR-812-(S-1)-08

Arrest Notification

Reference is made to the attached memorandum dated May 12, 2011, wherein we reported that the offender was arrested for Criminal Possession of a Controlled Substance -7th degree, in violation of NYS Penal Code section 220.03. The Probation Department recommended that no action be taken for this arrest, that the offender be continued on inactive supervision and that NYS Parole's response was deemed adequate to address Bonovolia's noncompliance. Specifically, New York State Parole revoked the offender's parole and Bonovoglia served four months custody as a consequence of this arrest. It is noteworthy to mention that the Court concurred with our recommendation.

We are writing to advise that the subject was arrested on November 18, 2011, at 4:53a.m., at the corner of Watts and Varick Streets in Manhattan. The offender was subsequently charged with two counts of Operation of a Motor Vehicle while Intoxicated, Unspecified Misdemeanors, and Driving while Ability Impaired, an infraction, violations of NYS Vehicle and Traffic Law sections 1192.3 03, 1192.2 02 and 1192.1 01 respectively. The offender is scheduled next to appear in State Court on February 14, 2012, in the NYS Criminal Court.

On January 13, 2012, the undersigned officer interviewed a representative from NYS Parole, as the subject is currently serving a life time parole term with the state. The officer advised that as a result of this arrest the subject's parole was revoked and he was placed in the State's Edgecomb Facility, a NYS drug diversion program, for a period of 45 days. The subject was released from this facility on January 20, 2012. Given the aforementioned the probation department recommends that no action be taken regarding this arrest as we believe that NYS Parole's response to this arrest was adequate.

Furthermore, in our correspondence dated May 12, 2011, we erroneously advised the Court that the subject's termination date from supervision was February 12, 2012. Upon further review of the offender's case we have found that this date was incorrectly calculated and that the subject's actual

termination date is May 4, 2013. This error is attributed, in large part, to various NYS Parole violations, which tolled the time credited toward the offender's supervision term. We apologize for this oversight.

As outlined in our May, 12, 2011, correspondence the offender has been serving a term of "Unsupervised, Supervised Release" since April 18, 2008, and has not been actively supervised by our office. In whole, the offender has been under the supervision of this department, whether it be supervised or unsupervised, for approximately eleven years. Additionally, as indicated above, the subject is serving a life long term of parole with the state.

Given the aforementioned, we recommend that no action be taken regarding this arrest as we believe that NYS Parole's response was adequate. Additionally, we recommend that the subject be unsuccessfully discharged from supervised release. This recommendation takes into account that the subject is serving a lifelong term of parole from the state, that the subject has been on supervised release for eleven years, and that the subject has essentially been unsupervised since April 18, 2008. However, we await the Court's direction in this matter.

RESPECTFULLY SUBMITTED:

EILEEN KELLY
CHIEF U.S. PROBATION OFFICER

PREPARED BY: _____
Harry R. Collins
U.S. Probation Officer

APPROVED BY: _____
Kathleen Dunn
Supervising U.S. Probation Officer

2

RE: Robert Bonovoglia
True Name: Robert Bonavoglia

The Court directs the following:

☒ No Action - Unsuccessfully Discharge the Offender from Supervised Release.

☐ Other Action :

_____

_____

s/John Gleeson                              2/3/12
The Honorable John Gleeson                  Date
U.S. District Judge

January 27, 2012

3

MEMORANDUM
TO THE HONORABLE JOHN GLEESON
United States District Judge

RE: Robert Bonovoglia
True Name: Robert Bonavoglia

DOCKET NO.: 95-CR-812-(S-1)-08

Arrest Notification

The defendant was originally sentenced by the Honorable Eugene H. Nickerson, on September 13, 1996, as follows: 70 months custody to be followed by a term of 5 years supervised release and a $50.00 special assessment fee. Additionally, special conditions for substance abuse treatment and firearms prohibition were mandated at sentencing. On June 20, 2003, jurisdiction over Bonovoglia's case was transferred to the Honorable David G. Trager. On June 7, 2004, after the releasee pled guilty to Criminal Possession and Sale of a Controlled Substance, Judge Trager sentenced the subject to 30 days custody with no supervision to follow. Thereafter, on September 27, 2004, Judge Trager issued an amended order reflecting that the defendant was to continue on supervision until March 31, 2007, his originally scheduled termination date. Thereafter, on November 17, 2008, a four count violation was filed with the Court charging that, in sum, the subject was once again in possession of a controlled substance. Specifically, on October 7, 2004, the defendant's home was searched by NYS parole officers and he was found to be in possession of hydrocodone and cocaine. On April 18, 2008, Judge Trager ordered that the subject be continued on supervision and "shall not be subject to active supervision during the remainder of his term." On April 11, 2011, jurisdiction over Bonovoglia's case was transferred to Your Honor to address new criminal conduct.

We are writing to advise that the subject was arrested by officers of the 60th precinct of the NYPD on March 5, 2011. The subject was charged with Criminal Possession of a Controlled Substance - 7th degree, a violation of NYS Penal Code section 220.03. On May 11, 2011, the undersigned officer interviewed the subject's supervising NYS Parole Officer, Peter Alverez. Alverez advised that the subject had absconded from his NYS Parole, thus, a warrant was issued for his arrest. Thereafter, Bonovoglia was stopped by the NYPD, the open warrant was discovered and the subject was taken into custody. During a post-arrest search it was discovered that the subject had illicit substances on

his person. On April 5, 2011, the subject entered a plea of guilty and was issued a violation for disorderly conduct. It is also noteworthy to mention that the subject was sentenced to four months custody for the parole violation. The subject is due to be released from the state's custody at the end of June 2011.

The probation department respectfully recommends that no action be taken with respect to this arrest and that the subject be continued on inactive supervision until his scheduled expiration, which will be on or about, February 5, 2012. We believe that the term of imprisonment imposed by the state is adequate to address Bonovoglia's new criminal conduct, and we note that the offender is serving a term of lifetime parole with New York State. We await the Court's direction in this matter.

RESPECTFULLY SUBMITTED:

EILEEN KELLY
CHIEF U.S. PROBATION OFFICER

PREPARED BY: _____
Harry R. Collins
U.S. Probation Officer

APPROVED BY: _____
Joseph R. Franco
Supervising U.S. Probation Officer

The Court directs the following:

[X] No Action / Continue the subject on inactive supervision until scheduled expiration date.

[X] Other Action:
_Please provide supplemental report/recommendation regarding this release, & with updated recommendation regarding whether supervision should be allowed to terminate on or before January 15, 2012._

s/John Gleeson
_____        5-13-11
The Honorable John Gleeson                Date
U.S. District Judge

May 12, 2011